Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6017 | **DATE** | 12/4/2003 |
| **CASE TITLE** | Moskal vs. Wheaton Community Unit School Dist 200 et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant the motion (Doc 3-1) to dismiss the complaint, without prejudice. The motion (Doc 3-2) to strike Moskal's request for punitive damages against Catalani is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | DEC 05 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 1 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | 03 DEC -4 AM 10:58 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JULIE ANNE MOSKAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 03 C 6017 |
| | ) | |
| WHEATON COMMUNITY UNIT SCHOOL DISTRICT 200; DR. GARY CATALANI; DR. LORI BELHA; RALPH HEATHERINGTON; and CHRIS NESS, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Defendant Wheaton Community Unit School 200's ("the School District") motion to dismiss Plaintiff Julie Anne Moskal's complaint in its entirety and to strike her claim for punitive damages under Rule 12(f). For the reasons set forth below, we grant the motion to dismiss without prejudice and deny the motion to strike as moot.[1]

---

[1] Moskal's counsel is advised to comply with the Local Rule 5.2(a) regarding the form of papers filed in this court. Any future noncompliant documents are subject to being stricken.

## BACKGROUND

Moskal is a former substitute teacher for the School District. On February 19, 2003, Moskal was substituting as a teacher's assistant to a student with a disability. Part of their day was spent in an art class taught by Defendant Chris Ness. After class was finished, Ness filed a "Substitute Incident – Behavior Report" with Defendant Ralph Heatherington, an administrator in the School District's Human Resources department. The report stated:

> I observed questionable behavior from the sub in which she seemed a little too loud and talkative; described how the 'London Bridge had looked after too many pints; was building mushrooms out of clay. Following her departure, I was told by students how she had been telling them she had been a prostitute when she lived in Las Vegas, had had a cocaine addiction, and how at one point she had prostituted herself for 'coke.' Chris Ness.

On the form, Heatherington indicated his recommendation that Moskal not be allowed to return to the school or the department.[2] He signed the form and filed it with Human Resources. Although the report contains a signature and date line for the substitute, this line is not completed, and the complaint alleges that Moskal was not shown the report until after Heatherington filed it.

---

[2] Heatherington did not indicate that he recommended Moskal's name be removed from the active substitute list, even though the form lists that as an option.

On February 25, 2003, Defendant Lori Belha, Assistant Superintendent of the School District's Human Resources, sent a copy of the report to Moskal, along with a letter notifying her that her name had been removed from the School District's substitute teacher list because of the behavior attributed to her in the report. The complaint appears to allege that even though Belha communicated this School District's chosen course of action to Moskal, the actual decision was made by Defendant Gary Catalani, the Superintendent of the School District. On March 5, 2003, Moskal's attorney requested a hearing from Catalani to challenge the contents of Ness's report. On March 26, 2003, the School District's attorney sent a letter denying Moskal's request because she was not a tenured employee.

Moskal filed suit in this court, alleging that the School District had violated her due process rights. The complaint seeks both compensatory and punitive damages under 42 U.S.C. § 1983. Fairly read, the complaint could allege an infringement of either a property or a liberty interest, but in her response to the motion to dismiss Moskal argues only the latter and expressly disavows any intention to pursue the former. In essence, she claims that the effect of the statements within the report impinge on her liberty interest in her reputation. Accordingly, she contends that the School District should have afforded her notice and a right to be heard on the accuracy of the charges that led to her termination. The school district has moved to strike the

request for punitive damages and to dismiss the entirety of the complaint for failure to state a claim.

## LEGAL STANDARD

Rule 12(b)(6) evaluates the legal sufficiency of the plaintiff's complaint. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, the court must accept all well-pleaded allegations as true and will not dismiss a case for failure to state a claim unless the plaintiff cannot prove any facts sufficient to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All inferences shall be drawn in a light most favorable to the plaintiff. Jackson v. E.J. Branch Corp., 176 F.3d 971, 978 (7th Cir. 1999). To survive a motion to dismiss, a plaintiff must only provide a "short and plain statement" under Rule 8(a)(2); the particulars of her claim are not required. Midwest Gas Servs. v. Ind. Gas Co., 317 F.3d 703, 710 (7th Cir. 2002). However, the complaint must set out sufficient facts to outline the requisite elements of the claims within it. Panaras v. Liquid Carbonic Indus. Corp., 74 F.3d 786, 792 (7th Cir. 1996). With these principles in mind, we address the motion before us.

## DISCUSSION

Moskal's sole employment through the School District was as an untenured substitute teacher. The parties agree that Moskal has no property interest in her employment. See Miller v. Sch. Dist. No. 167, 500 F.2d 711, 712 (7th Cir. 1974)

(holding that under Illinois law, teachers who are not tenured have no property interest in their employment under the Fourteenth Amendment). Instead, Moskal argues she has a liberty interest under the Fourteenth Amendment in her reputation, honor, and integrity and that the School District's allegations have attached a badge of stigma to her name. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 573, 92 S. Ct. 2701, 2707 (1972).

It is well settled that simple termination of employment with a governmental body is not enough to impinge on a liberty interest. See, e.g., Lashbrook v. Oerkfitz, 65 F.3d 1339, 1348 (7th Cir. 1995); Hadley v. County of DuPage, 715 F.2d 1238, 1247 (7th Cir. 1983). The termination must be accompanied by a contemporaneous defamation and concrete harm resulting from the stigma to be actionable. Omosegbon v. Wells, 335 F.3d 668, 675 (7th Cir. 2003); Hedrich v. Bd. of Regents, 274 F.3d 1174, 1184 (7th Cir. 2001). There is no dispute in this case that Moskal's employment with the School District was terminated; the question is whether the circumstances of her termination supply the additional injuries needed to support a constitutional claim.

In a case such as this one, Moskal's claim must satisfy three criteria to survive a motion to dismiss. First she must allege that she was stigmatized. Townsend v. Riley, 256 F.3d 661, 669 (7th Cir. 2001). Statements implying immorality can be sufficient to cast a stigma. See, e.g., Roth, 408 U.S. at 573. Second, the stigmatizing

information must be publicly disclosed. Olivieri v. Rodriguez, 122 F.3d 406, 407-09 (7th Cir. 1997). Third, the public disclosure must cause the aggrieved party to lose other employment opportunities, to the extent that the plaintiff is effectively blacklisted within her chosen profession as a result of the publication of the stigmatizing information. Trejo v. Shoben, 319 F.3d 878, 889 (7th Cir. 2003).

In the instant case, the allegations of the complaint clearly satisfy the first requirement by alleging that Moskal was accused of immoral behavior, of a type particularly disturbing when attributed to a person working with children. On the second and third criteria, by contrast, the averments within the complaint just as clearly fall short. Nowhere does Moskal allege that the Defendants publicly disclosed the report or the information within it. Instead, she avers only that the report passed from a teacher to the Human Resources department to the Superintendent to the school's attorney, i.e., through the School District's chain of command. This is insufficient to support a claim of public disclosure. Johnson v. Martin, 943 F.2d 15, 17 (7th Cir. 1991); Hannon v. Turnage, 892 F.2d 653, 660 (7th Cir. 1990). Without any allegations that the Defendants publicly disclosed the circumstances surrounding Moskal's termination, there can be no corresponding claim that her employment opportunities were effectively eradicated by such disclosure.

In short, Moskal's current complaint does not state a claim for deprivation of a liberty interest under 42 U.S.C. § 1983. Accordingly, we dismiss it, but without prejudice, to allow Moskal an opportunity to remedy the deficiencies of her current pleading should she be able to do so without running afoul of Fed. R. Civ. Proc. 11. In light of this outcome, the motion to strike the punitive damages claim against Catalani[3] is denied as moot.

## CONCLUSION

Based on the reasons discussed above, we grant the motion to dismiss the complaint, without prejudice. The motion to strike Moskal's request for punitive damages against Catalani is denied as moot.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: DEC - 4 2003

---

[3] The prayer for relief in Moskal's complaint seeks punitive damages from both the School District and Catalani. In her response brief, Moskal concedes that punitive damages are not available against the School District as an entity. Thus, the only party left in the request for punitive damages is Catalani, even though both parties refer to the punitive damages claim as pertaining to all of the individual defendants in their submissions for the instant motion.

-7-