# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6017 | **DATE** | 3/8/2004 |
| **CASE TITLE** | Moskal vs. Wheaton Community Unit School Dist 200 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** The motion (Doc 9-1) to dismiss the amended complaint is granted without prejudice. Defendants' motion Doc 9-2) to strike the claim for punitive damages is denied as moot. Ruling set for March 18, 2004 is stricken as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | 3-9-04 date docketed | | 13 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SCT courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JULIE ANNE MOSKAL, )
)
            Plaintiff, )
)
vs. ) 03 C 6017
)
WHEATON COMMUNITY UNIT SCHOOL )
DISTRICT 200; DR. GARY CATALANI; )
DR. LORI BELHA; RALPH HEATHERINGTON; )
and CHRIS NESS, )
)
           Defendants. )

DOCKETED
MAR 0 9 2004

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendants Wheaton Community Unit School District 200, Gary Catalani, Lori Belha, Ralph Heatherington, and Chris Ness (collectively referred to as "Defendants") to dismiss the amended complaint of Plaintiff Julie Anne Moskal. For the reasons set forth below, the motion is granted.

## BACKGROUND

The full background of the case was contained in our previous opinion and order dismissing an earlier version of the instant complaint. Moskal v. Wheaton Comm. Unit

Sch. Dist. 200, 2003 WL 22889381 (N.D. Ill. Dec. 5, 2003). To avoid repetition, we offer only a brief factual summary of the case here. Moskal was a substitute teacher in the Wheaton School District. In February 2003, she was removed from the school's substitute teacher list as a result of a report of an incident in Defendant Ness's classroom.

Moskal filed suit against the school district and its personnel who were involved with the report or her subsequent removal from the substitute list, claiming violations of 42 U.S.C. § 1983. During briefing, it became apparent that Moskal's claim was limited to allegations of deprivation of a liberty interest in her professional reputation. Finding that her complaint did not state a claim for deprivation of a liberty interest, we dismissed the complaint without prejudice. Moskal has now filed an amended complaint, which Defendants move to dismiss once again on Rule 12(b)(6) grounds.

## LEGAL STANDARD

Rule 12(b)(6) evaluates the legal sufficiency of the plaintiff's complaint. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, the court must accept all well-pleaded allegations as true and will not dismiss a case for failure to state a claim unless the plaintiff cannot prove any facts sufficient to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All inferences shall be drawn in a light most favorable to the plaintiff. Jackson v. E.J. Branch Corp.,

176 F.3d 971, 978 (7th Cir. 1999). To survive a motion to dismiss, a plaintiff must only provide a "short and plain statement" under Rule 8(a)(2); the particulars of her claim are not required. Midwest Gas Servs. v. Ind. Gas Co., 317 F.3d 703, 710 (7th Cir. 2002). However, the complaint must set out sufficient facts to outline the requisite elements of the claims within it. Panaras v. Liquid Carbonic Indus. Corp., 74 F.3d 786, 792 (7th Cir. 1996). With these principles in mind, we address the motion before us.

## DISCUSSION

As we explained in our prior opinion, to withstand a motion to dismiss, Moskal's complaint must allege that Defendants publicly disclosed stigmatizing statements about her to such an extent that she is effectively blacklisted within her profession. Trejo v. Shoben, 319 F.3d 878, 889 (7th Cir. 2003); Townsend v. Riley, 256 F.3d 661, 669 (7th Cir. 2001); Olivieri v. Rodriguez, 122 F.3d 406, 407-09 (7th Cir. 1997). We concluded that her previous complaint did not allege any public disclosure, let alone disclosure that was so widespread as to foreclose her from ever being able to work as a substitute teacher. Moskal, 2003 WL 22889381 at *3.

Defendants contend that the amended complaint does not remedy the deficiencies we identified in its predecessor. Specifically, they advert the absence of allegations that the incident report was distributed to anyone outside the relevant chain of command as well as the conspicuous lack of contention that Moskal has been denied

any employment opportunity outside of the Wheaton School District. See Johnson v. Martin, 943 F.2d 15, 17 (7th Cir. 1991); Hannon v. Turnage, 892 F.2d 653, 660 (7th Cir. 1990).

Our own review of the amended complaint bears out Defendants' position, and Moskal admits in her response that the complaint does not allege public disclosure or the loss of tangible employment opportunities.. The only noticeable differences within the new pleading are a greater emphasis on the permanency of the School District's decision not to rehire Moskal and references to Moskal having a liberty interest in her occupation. The first is merely another way of stating what we have already found insufficient; it does nothing to rectify the shortcomings of the earlier complaint. The second is an inaccurate statement of law; in circumstances such as these, an employee does not have a liberty interest in her or his occupation. See, e.g., Bishop v. Wood, 426 U.S. 341, 348-49, 96 S. Ct. 2074, 2079 (1976). As Defendants aptly describe in their reply, this plaintiff's inability to work in a single school district does not amount to a categorical exclusion from her chosen field. Even under the plaintiff-friendly standard of a 12(b)(6) motion to dismiss, Moskal's allegations do not demonstrate that she had a cognizable liberty or property interest in her employment at the School District. Accordingly, she cannot show even an arguable right to the due process hearing to which she claims entitlement.

Our previous decision allowed Moskal the opportunity to amend provided she could do so within the bounds of Fed. R. Civ. Proc. 11. Rule 11(b)(2) states that an attorney who presents a pleading to a federal court certifies, *inter alia*, that the claims and legal contentions within it are either warranted by existing law or are supported by a nonfrivolous argument to extend, modify, or reverse existing law. Rule 11(b)(3) specifies that the attorney also certifies that the allegations and factual contentions within the pleading have evidentiary support or are likely to have such support after further investigation. Although Defendants press for dismissal of the amended complaint with prejudice, insisting that Moskal cannot in good faith file a cognizable claim, we will dismiss the complaint again without prejudice. However, any further amendments that merely restate the same facts in a different way, or that contain factual allegations that run afoul of Rule 11(b)(3) will subject Moskal and/or counsel to a dismissal of her claims with prejudice as well as exposure to other sanctions as described in Rule 11(c).

## CONCLUSION

Based on the foregoing analysis, the motion to dismiss the amended complaint is granted without prejudice. Defendants' motion to strike the claim for punitive damages is denied as moot.

_Charles P. Kocoras_
Charles P. Kocoras
Chief Judge
United States District Court

Dated: MAR - 8 2004